### OSCAR D. & HERBERT V. DIKE v. HAIGHT.

(Supreme Court, Appellate Term.   March 5, 1908.)

1. EVIDENCE—SELF-SERVING DECLARATION—BROKERS—ACTIONS FOR COMPENSATION.

In an action for commissions by a real estate broker on a contract under which it had earned its commissions when the contract of sale was signed, defendant's self-serving declaration that the payment of commissions was to await the delivery of the deed was of no effect.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1068–1104.]

2. SAME—ADMISSIONS.

In an action by a real estate broker for commissions, defendant's admission that plaintiff procured the sale, as expressed in the contract between the vendor and purchaser, was evidence for plaintiff.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 786–808.]

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Oscar D. & Herbert V. Dike against George W. Haight. Judgment for plaintiff, and defendant appeals.   Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Andrew F. Murray, for appellant.

Oakes & Van Amringe (Charles Oakes, of counsel), for respondent.

BISCHOFF, J.   The plaintiff earned its commissions, as broker, when the contract of sale was signed; and the justice properly determined that this corporation was the procuring cause of the sale.   The

defendant's self-serving declaration that the payment of commissions was to await the delivery of the deed had, of course, no effect upon the actual agreement under which the broker was employed, for the purposes of the issue between these parties; but the admission of the fact that this broker did procure the sale, as expressed in the contract between vendor and purchaser, was evidence for the plaintiff. Whether the defendant might have established a defense of deceit in the procurement of his acceptance of the purchaser is not a question before us, since no such issue was presented to the court below.

The judgment should be affirmed, with costs.

GILDERSLEEVE, P. J., concurs.

MacLEAN, J. (dissenting). Overpassing certain representations made to the defendant by way of inducement, if not fraudulent, still irreconcilable with the facts, there go against sustaining the recovery awarded to the plaintiff, which—for Dike & Bro. is a corporation—complains for a commission for procuring a purchaser who was ready and able to purchase at the terms agreed upon, to wit, John C. Maximos, between whom and the defendant a contract in writing, duly signed and sealed, was entered into, three things: (1) As found by the learned trial justice, Maximos did not purchase the property, but (if anybody) one Mitchell A. C. Levy did; (2) Maximos, whose name was written upon the "contract," had no knowledge of the matter, and had neither readiness nor ability to purchase; and (3) the "contract" put in evidence by the plaintiff had therein this:

"Oscar D. Dike & Bro., whose commissions are to be paid at the delivery of this deed, are the brokers who brought about this sale."

But the deed has not been delivered, and the transaction is the subject of a pending action upon an objection of an erroneous description, due, it would seem, rather more than to anybody else, to the Mr. Dike who read the proposed contract in its comparison with a prior deed.

The judgment should be reversed, with costs.